UNITED STATES v. BAXTER et al.

(District Court, N. D. California, First Division. December 23, 1914.)

No. 5519.

POST OFFICE ☞48—OFFENSES—USE OF MAILS TO DEFRAUD—INDICTMENT.

An indictment for using the mails with intent to defraud, contrary to Criminal Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (Comp. St. 1913, § 10385), which alleged that the scheme of the defendants was to induce people to communicate with them relative to real or supposed ailments, and then, without knowledge of the condition of the patient and regardless of the symptoms, to state that the person had a disease which defendants could cure, and upon receiving money from the patients to send them in return medicine of little or no value, and not properly prepared or designed for the cure of the disease with which the patient was afflicted, or had been led to believe he was afflicted, sufficiently alleges a scheme to defraud within that section.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ☞18.]

Dr. C. A. Baxter and another were indicted for using the mails in furtherance of a scheme to defraud, and they demur to the indictment. Demurrer overruled.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Leon Samuels, of San Francisco, Cal., for defendants.

DOOLING, District Judge. Defendants have been indicted for using the mails in furtherance of a scheme to defraud. The scheme as set forth in the indictment, and stripped of the accompanying legal ver-

biage, is that the defendants, as physicians, should by means of advertisements induce certain persons named in the indictment, and others to the grand jurors unknown, to communicate with them relative to real or supposed ailments, and that defendants should then, by means of letters and through the Post-Office Department, and irrespective of any symptoms communicated to them, and even in cases where the symptoms indicated health, rather than disease, and without any real knowledge of the condition of the person so induced to communicate with them, state to such person that he was afflicted with a disease which defendants could cure, and that they would furnish treatment for such disease for a certain sum of money, and by means of such letters would induce such person to send them money for the purpose of procuring medicine and treatments skillfully and properly designed and prepared for the cure of the disease with which such person was afflicted, or had been induced by them to believe himself afflicted, which money they would fraudulently convert to their own use, and in return therefor should send to such person certain medicines of little or no value, and not medicine and treatment skillfully and properly designed and prepared for the cure of such person; the defendants having no real or proper knowledge of such person's condition, or whether he was diseased or not, or whether or not such purported medicine was capable of benefiting such person, as they well knew.

It is contended upon demurrer to the indictment that for many reasons the foregoing scheme is not one to defraud within the meaning of section 215 of the Criminal Code. To this contention I am unable to agree. When it is averred that a physician has devised a scheme to defraud, by stating to one who offers himself as a patient that such person is afflicted with a disease which the physician can cure, and this irrespective of the symptoms, and whether or not the symptoms indicate health rather than disease, and without any real knowledge of the condition of such person, and by such statement should cause and induce such person to send him money, for which he would send in return medicine of little or no value, and not medicine skillfully and properly designed and prepared for the cure of the disease with which such person was afflicted, or had been induced by such physician to believe that he was afflicted, I think it clearly appears that the physician was engaged in one of the most reprehensible schemes to defraud of which the law can take cognizance. It may, indeed, be quite true that medicine is not an exact science, and that there is a wide divergence of opinion, even among reputable physicians, as to what is the proper method of treatment for any particular disease. But this fact is beside the mark here. All such treatments contemplate at least good faith on the part of the physician, and are not based upon a deliberate design upon his part to procure money from a person who, so far as the physician knows or has reason to believe, is in sound health, by stating to him that he is afflicted with a disease; and this is true, whether resort be had to the use of the mails or not. The design as alleged may not be easily proved; but it is a design to defraud, and the indictment is sufficient.

The demurrer thereto will therefore be overruled.